UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOTORSPORTS OF
MELBOURNE, INC.,

      Plaintiff,

v.                                         Case No. 6:25-cv-36-JA-UAM

MT. HAWLEY INSURANCE
COMPANY,

      Defendant.

## ORDER

This case is before the Court on the amended motion to transfer venue filed by Defendant, Mt. Hawley Insurance Company. (Doc. 12). Plaintiff, Motorsports of Melbourne, Inc., has not responded and the time to do so has expired. Thus, the Court treats the motion as unopposed. *See* M.D. Fla. Local R. 3.01(c). For the reasons explained below, Defendant's motion must be granted.

This is an insurance dispute arising from alleged damage to the roof and interior of Plaintiff's property caused by a windstorm and hail event in April 2023. (Doc. 1-3 ¶ 6). The complaint alleges that Defendant breached the insurance contract by failing to pay for the loss. (*Id.* ¶¶ 12–19). Plaintiff initially brought suit in a Florida state court and Defendant removed the case

to this Court. (Doc. 1).

When Plaintiff purchased the insurance policy, it agreed to a contract with an endorsement containing a forum-selection clause:

> **LEGAL ACTION CONDITIONS ENDORSEMENT**
>
> This endorsement adds the following to LEGAL ACTIONS AGAINST US elsewhere in the policy:
>
> All matters arising hereunder including questions relating to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).
>
> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

(Doc. 8-1 at 101). Because this forum-selection clause states that lawsuits "shall" be initiated in New York, the provision is mandatory. *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011). To enforce this forum-selection clause, Defendant seeks to transfer the case to the United

2

States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

"A plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice . . . ." *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009) (citing *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100–02 (11th Cir. 2004)). But the plaintiff's choice of forum may be disregarded "[w]hen the parties have agreed to a valid forum-selection clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). When presented with a valid forum-selection clause, "a district court should ordinarily transfer the case to the forum specified in that clause." *Id.*; *see also 7Group, LLC v. Mt. Hawley Ins. Co.*, No. 2:23-cv-432, 2023 WL 4405473, at *2 (M.D. Fla. July 7, 2023). Barring "extraordinary circumstances," a mandatory forum-selection clause must be enforced. *Atl. Marine*, 571 U.S. at 62. Federal courts have consistently enforced provisions similar to the one at issue here. *See, e.g., Murray Hill Presbyterian Church v. Mt. Hawley Ins. Co.*, No. 3:21-cv-1077, 2022 WL 18674594, at *2 (M.D. Fla. May 12, 2022); *La Teresita, Inc. v. Mt. Hawley Ins. Co.*, No. 8:22-cv-1046, 2022 WL 1805139, at *2 (M.D. Fla. June 2, 2022); *Jenkins v. Prime Ins. Co.*, 1:20-cv-01263, 2021 WL 807612, at *9 (N.D. Ga. Mar. 3, 2021).

Upon review of the mandatory forum-selection clause and considering the arguments set forth in Defendant's motion, the Court finds that transfer to New

3

York is warranted. The clause is mandatory and unambiguously calls for this action to be adjudicated in New York. *See Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). Moreover, Plaintiff has not opposed the transfer or challenged the validity of the forum-selection clause.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's amended motion to transfer venue (Doc. 12) is **GRANTED**.

2. The Clerk is directed to transfer this case to the United States District Court for the Southern District of New York and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on February 19, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

4